1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
3  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
4  Telephone (858) 362-3150
   mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
9  michael@kalerlaw.com

10
11 Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18 JENS ERIK SORENSEN, as Trustee of   )  Case No. 08 cv 231 BTM CAB
   SORENSEN RESEARCH AND               )
19 DEVELOPMENT TRUST,                   )
                                        )  **MEMORANDUM OF POINTS &**
20                                      )  **AUTHORITIES IN SUPPORT OF**
                                        )  **PLAINTIFF'S MOTION TO MODIFY**
21              Plaintiff               )  **PATENT LOCAL RULES SCHEDULE TO**
                                        )  **ACCELERATE IDENTIFICATION OF**
22    v.                                )  **CLAIMED INVALIDATING PRIOR ART**
                                        )
23 CTT TOOLS, INC., a California        )
   Corporation; and DOES 1 – 100,      )  Date:  June 20, 2008
24                                      )  Time:  11:00 a.m.
                                        )  Hon. Barry T. Moskowitz
25              Defendants.             )
                                        )  NO ORAL ARGUMENTS UNLESS
26                                      )  ORDERED BY THE COURT
                                        )
27 _____     )

28

1

**INTRODUCTION**

2      Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and

3    Development Trust ("Sorensen") requests the Court pursuant to Patent L.R. 1.3 to

4    accelerate the obligation of all parties claiming invalidity of the subject '184 patent

5    to identify prior art that they contend invalidates the patent within 60 days.

6      The Patent Local Rules set the usual and customary date for service of

7    preliminary invalidity contentions to be approximately four and a half months after

8    filing suit.  However, Patent L.R. 1.3 allows the Court to accelerate that and other

9    deadlines when the circumstances warrant a change.    Sorensen believes that

10   circumstances warrant an acceleration of this deadline in all of the cases regarding

11   U.S. Patent No. 4,935,184 (the '184 patent).

12     There are currently 24 patent infringement cases pending in this Court

13   regarding the '184 patent[1].  In each case where an answer has been filed, the

14   Defendants have asserted invalidity of the patent (and in some instances cross-

15   complained for declaratory relief of invalidity) without identification of any factual

16   basis for that claim.  Many have also requested a stay pending conclusion of two

17   reexaminations of the '184 patent currently pending before the USPTO.    The

18   Defendants in this case have obtained an extension to file an answer, but it is

19

20   ─────────────────

[1] *Sorensen v. DMS Holdings, et al*, Case No. 08cv559, filed March 25, 2008; *Sorensen v. Kyocera International, Inc., et al.*, Case No. 08cv411; *Sorensen v. Central Purchasing, LLC, et al.*, Case No. 08cv309; *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308; *Sorensen v. Metabo Corporation, et al.*, Case No. 08cv304; *Sorensen v. Rally Manufacturing, Inc., et al.*, Case No. 08cv302; *Sorensen v. Sunbeam Products, Inc., et al.*, Case No. 08cv306; *Sorensen v. Star Asia, U.S.A., LLC, et al.*, Case No. 08cv307; *Sorensen v. CTT Tools, Inc., et al.*, Case No. 08cv231; *Sorensen v. Global Machinery Company, et al.*, Case No. 08cv233; *Sorensen v. Emissive Energy Corp., et al.*, Case No. 08cv234; *Sorensen v. Alltrade Tools, LLC., et al.*, Case No. 08cv232; *Sorensen v. Motorola, Inc., et al.*, Case No. 08cv0136; *Sorensen v. Sanyo North America Corporation, et al.*, Case No. 08cv0135; *Sorensen v. Informatics, Inc., et al.*, Case No. 08cv0134; *Sorensen v. Ryobi Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Senco Products, Inc.*, Case No. 08cv0071; *Sorensen v. Emerson Electric Co., et al*, Case No. 08cv0060; *Sorensen v. Johnson Level & Tool Mfg. Co., Inc.*, Case No. 08cv0025; *Sorensen v. Energizer Holdings, Inc., et al*, Case No. 07cv2321; *Sorensen v. Giant International, Inc., et al*, Case No. 07cv2121; *Sorensen v. Esseplast (USA) NC, Inc., et al*, Case No. 07cv2277; *Sorensen v. Helen of Troy Texas Corporation, et al*, Case No. 07cv2278; *Sorensen v. The Black & Decker Corporation, et al*, Civil Case No.: 06cv1572.

anticipated that they will also make a pro forma assertion of invalidity of the '184 patent.

In the order staying the low-number related case, *Sorensen v. Black & Decker Corporation, et al*, Case No. 06cv01572, this Court explained the rationale for a stay pending reexamination in part as follows:

> The Court believes that it will benefit from the PTO's evaluation of how the previously unconsidered prior art references impact the claims of the patent-in-suit.

*Id.*, at Docket #243, page 8:28-9:1 ("*Black & Decker Stay Order*"). In the Order, the Court also cited a list of advantages to stay pending reexamination from *Broadcast Innovation, L.L.C. v. Charter Communications, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 45523, at *26-31 (D.Colo. July 11, 2006), including:

> Shifting the patent validity issue to the PTO has many advantages, including:
> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise . . . .

*Black & Decker Stay Order*, Docket #243, page 8:15-17 (emphasis added).

In order to achieve the benefits that the Court intended to be gained from a stay pending reexamination, it is necessary for the sued parties that are asserting invalidity of the '184 patent to identify claimed invalidating prior art in sufficient time for that prior art to be provided to the USPTO and considered during the already pending reexamination proceedings.

Thus, Sorensen requests the Court to order the Defendants to disclose their claimed invalidating prior art within 60 days.

## FACTUAL SUMMARY

This patent infringement suit was filed on February 5, 2008 (Docket #1). The extended Answer date is April 10, 2008 (see Docket # 8). It is anticipated that Defendant will make a pro forma affirmative defense and/or counterclaim for declaratory relief of patent invalidity without detail as have every other answering

defendant in these related cases.  *Kramer Decl.* ¶ 3.

In July 2007 and December 2007, respectively, defendants in the related Black & Decker case filed requests for *ex parte* reexamination of the '184 patent with the USPTO.  *Kramer Decl.* ¶ 4 and Exhibits A and B thereto.  The prior art cited in the second *ex parte* request contained several prior art references that had not been disclosed to Sorensen in either of the parties' Preliminary Invalidity Contentions served on February 2, 2007, nor the Amended Preliminary Invalidity Contentions served on March 5, 2007, nor the first *ex parte* request.  *Kramer Decl.* ¶ 5 and Exhibits C and D thereto.

In the course of the present reexamination proceedings, Sorensen has, to their knowledge, identified to the USPTO all claimed invalidating prior art identified to Sorensen to date from any source.  *Kramer Decl.* ¶ 6.

Although Sorensen has been in contact with Defendants in this case pre-litigation regarding the '184 patent, none of the correspondence from Defendants constitutes any type of binding assertion of all claimed prior art or other claimed basis for invalidity of the '184 patent.  Thus, Sorensen has been unable to ensure that these Defendants' asserted invalidated prior art will be reviewed by the USPTO.  *Kramer Decl.* ¶ 7.


## ARGUMENT

I.   THIS COURT HAS THE POWER TO ACCELERATE DEADLINES SET FORTH IN THE LOCAL PATENT RULES, INCLUDING THE DEADLINE FOR PRELIMINARY INVALIDITY CONTENTIONS.

"The court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules based on the court's schedule or the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. . . ." Patent L.R. 1.3.

The Patent L.R. set the deadline for parties opposing a claim of patent

4.

1  infringement to serve Preliminary Invalidity Contentions not later than 60 days after
2  service of Preliminary Infringement Contentions upon them.  Patent L.R. 3.3, *et seq.*

3  The circumstances of this case, along with the 23 other pending '184 patent
4  cases, warrants acceleration of the deadline to disclose any asserted invalidating
5  prior art in time for those pieces of prior art to be reviewed by the USPTO within the
6  currently pending reexamination proceedings.

7
8  II.    ACCELERATION OF THE DEADLINE TO DISCLOSE CLAIMED
       INVALIDATING PRIOR ART WILL ALLOW CONCURRENT REVIEW
9      OF ALL SUCH PRIOR ART BEFORE THE USPTO AND CONSERVE
       RESOURCES.

10
11  Pursuant to 35 U.S.C. § 302, requests for reexamination of a patent may be
   filed by "any person at any time . . . on the basis of any prior art cited under the
12  provisions of section 301 [patents or printed publications which that person believes
13  to have a bearing on the patentability of any claim of a particular patent] . . ."

14  The intent of having a reexamination process is to allow for a cost effective
15  alternative to litigation regarding the validity of a patent.  That goal is largely lost
16  when parties file successive reexamination requests (as has already been done with
17  the '184 patent) and is entirely lost if pending reexaminations can and will be
18  followed by successive judicial or USPTO validity challenges.   This problem
19  inherent in successive reexaminations was already noted by the USPTO in 2004.  In
20  explanation of certain rule changes, the USPTO stated:
21

22      It has been the Office's experience, however, that both patent owners
23      and third party requesters have used a second or subsequent
        reexamination request . . . to prolong the reexamination proceeding . . . .
24      These actions by patent owners and third party requesters have resulted
        in multiple reexaminations taking years to conclude, thus making it
25      extremely  difficult  for  the  Office  to  conclude  reexamination
        proceedings with "special dispatch" as required by statute (35 U.S.C.
26      305 for ex parte reexamination, 35 U.S.C. 314 inter partes
27      reexamination).
28

1    See *Kramer Decl.* ¶ 8, Exhibit E thereto in the "Background" section.

2        In the *Black & Decker* case, the case had proceeded for almost a full year prior

3    to the filing of the first reexamination request (see Case No. 06cv1572, Docket #1 vs.

4    Docket #178). Yet, despite two productions of preliminary invalidity contentions,

5    the defendants did not cite all of the prior art that was cited in a second

6    reexamination request.

7        Neither the Court nor Sorensen, and more importantly, the USPTO currently

8    conducting a reexamination of the '184 patent, know what prior art the Defendants in

9    this case may be asserted later as a basis to invalidate the '184 patent.

10       Unless the parties making a blanket claim of invalidity are required to

11   promptly identify all prior art that they believe might invalidate the '184 patent, the

12   stay-pending-reexamination benefit of "all prior art presented to the Court [having

13   been] first considered by the PTO" as set forth by the courts in *Emhart Indus., Inc. v.*

14   *Sankyo Seiki Mfg. Co.,* 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *Broadcast,* supra;

15   and this Court in the *Black & Decker* case, will be lost.

16

17                                **CONCLUSION**

18       Judicial efficiency will be greatly enhanced by acceleration of the deadline for

19   the Defendants in this case (and in all of the related '184 patent cases) to identify all

20   items of claimed invalidating prior art within the next 60 days. This would allow

21   Sorensen to advise the USPTO of all prior art asserted to be invalidating

22   immediately. The USPTO could then consider the prior art within the currently

23   pending reexamination proceedings.

24       This consolidation of efforts into the currently pending reexaminations will

25   reduce the likelihood of any further substantial delays on the issue of patent validity

26   after the pending reexamination proceedings are concluded.

27       Sorensen thus respectfully requests the Court to order the Defendants in this

28   case to identify to Sorensen all items of claimed invalidating prior art within 60 days.

6.

1

2

3    DATED this Friday, April 04, 2008.

4                                    JENS ERIK SORENSEN, as Trustee of
                                     SORENSEN RESEARCH AND DEVELOPMENT
5                                    TRUST, Plaintiff

6

7                                    /s./ Melody A. Kramer

8                                    Melody A. Kramer, Esq.
                                     J. Michael Kaler
9                                    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08cv231