KURT OSENBAUGH (State Bar No. 106132)
JONATHAN M. GORDON (State Bar No. 082202)
JAMES D. SLOAN (State Bar No. 220176)
**WESTON, BENSHOOF, ROCHEFORT,
  RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: kosenbaugh@wbcounsel.com
       jgordon@wbcounsel.com
       jsloan@wbcounsel.com

ELIOT TEITELBAUM (State Bar No. 164858)
**KOORENNY & TEITELBAUM, LLP**
11911 San Vicente Boulevard, Suite 265
Los Angeles, California 90049
Telephone: (310) 440-5276
Facsimile: (310) 440-5277
Email: etktlaw@yahoo.com

Attorneys for Defendant CTT TOOLS, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CTT TOOLS, INC., a California Corporation; and DOES 1-100,<br><br>Defendants.<br><br>CTT TOOLS, INC.<br><br>Counter-Claimant,<br><br>v.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Counter-Defendant | Case No.: 08 CV 0231 LAB (LSP)<br><br>Honorable Barry Ted Moskowitz<br><br>**DEFENDANT CCT TOOLS, INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

1170005.1

Defendant CTT Tools, Inc. ("CTT Tools"), by and through its undersigned counsel, hereby responds to the Complaint for Patent Infringement (the "Complaint") of Plaintiff Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust ("SRDT") and asserts its affirmative defenses and counterclaims as follows:

## THE PARTIES

1. CTT Tools admits that a document identified as "U.S. Patent No. 4,935,184 (the "'184 patent") was attached to the Complaint as Exhibit A, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies those allegations.

2. Admitted.

3. The allegations of this paragraph are directed to Doe defendants other than CTT Tools, and CTT Tools is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

4. CTT Tools is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

## JURISDICTION AND VENUE

5. Admitted.

6. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph that are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

7. CTT Tools does not dispute, for purposes of this action, that this Court has jurisdiction over CTT Tools. CTT Tools denies the remaining allegations

of this paragraph that are directed to it. With respect to the allegations of this paragraph that are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## CLAIM FOR RELIEF

### (Patent Infringement)

8. CTT Tools incorporates by reference its responses to paragraphs 1-7 of SRDT's Complaint as though set forth fully herein.

9. Admitted.

10. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11. The allegations of this paragraph are directed to a defendant other than CTT Tools, and CTT Tools is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

12. Paragraph 12 of the Complaint is a conclusion of law that does not require a response by CTT Tools. With respect to the allegations of this paragraph are directed to a defendant other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

13. Paragraph 13 of the Complaint is a conclusion of law that does not require a response by CTT Tools. With respect to the allegations of this paragraph are directed to a defendant other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

1  14.  CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

15.  CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.  CTT Tools admits that it has not obtained a license from Plaintiff for the manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the '184 patent, but denies the remaining allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

17.  CTT Tools admits that it received a letter from SRDT on or about October 17, 2006 regarding the '184 patent, which document speaks for itself, but denies the remaining allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18.  CTT Tools admits that it received a letter from SRDT on or about October 17, 2006 regarding the '184 patent, which document speaks for itself, but denies the remaining allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of

those allegations and, therefore, denies those allegations.

19. CTT Tools admits that it received a letter from SRDT on or about October 17, 2006 regarding the '184 patent, which document speaks for itself, but denies the remaining allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

21. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

22. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

23. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

24. CTT Tools denies any and all allegations in this paragraph that are

1170005.1

directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

25. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

26. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

27. CTT Tools denies any and all allegations in this paragraph that are directed to it. With respect to the allegations of this paragraph are directed to a party other than CTT Tools, CTT Tools is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(Failure to State a Claim for Relief)**

28. SRDT's claims in the Complaint fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**
**(Non-Infringement of the '184 Patent)**

29. CTT Tools has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the '184 Patent.

### Third Affirmative Defense
### (Invalidity of the '184 Patent)

30. Each claim of the '184 Patent is invalid for failure to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIMS

For its counterclaims against SRDT, CTT Tools states and alleges as follows:

1. Defendant and Counterclaimant CTT Tools, Inc. ("CTT Tools"), is a California corporation with a principal place of business at 10052 Garvey Ave., El Monte, California 91733.

2. As pled in its Complaint, Plaintiff and Counter Defendant Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust ("SRDT"), is a California resident, and the trustee of a trust organized under the laws of California.

3. CTT Tools's counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et. seq., and are for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 declaring that United States Patent No. 4,935,184 (the "'184 patent") is not infringed by CTT Tools and declaring that the '184 Patent is invalid.

4. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1338. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

5. SRDT is subject to personal jurisdiction in this District based, at least, upon its filing of the Complaint against CTT Tools in this Court.

6. An actual case or controversy exists between CTT Tools and SRDT with respect to the validity and infringement of the '184 Patent, as a result of SRDT's filing of the Complaint against CTT Tools alleging infringement of the '184 patent.

1170005.1

## Count 1
### Non-Infringement of U.S. Patent No. 4,935,184

7. Paragraphs 1-6 of the counterclaims are incorporated herein by reference.

8. CTT Tools is not infringing, directly or indirectly, and has not infringed, directly or indirectly, any valid and enforceable claim of the '184 patent.

## Count 2
### Invalidity of U.S. Patent No. 4,935,184

9. Paragraphs 1-8 of the counterclaims are incorporated herein by reference.

10. The claims of the '184 patent are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

Wherefore, CTT Tools prays for the following relief:

(a) That the Court dismiss, with prejudice, SRDT's Complaint against CTT Tools;

(b) That the Court award SRDT nothing by way of its Complaint against CTT Tools;

(c) That the Court declare that CTT Tools has not infringed, directly or indirectly, and is not infringing, directly or indirectly, the '184 patent;

(d) That the Court declare the claims of the '184 patent are invalid;

(e) That CTT Tools be awarded its reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(f) That CTT Tools be awarded further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), CTT Tools demands trial by jury of all issues in this action so triable by jury.

DATED: April 10, 2008

ELIOT TEITELBAUM
**KOORENNY & TEITELBAUM, LLP**

KURT OSENBAUGH
JONATHAN M. GORDON
JAMES D. SLOAN
**WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

_____
Kurt Osenbaugh
Attorneys for Defendant
CTT TOOLS, INC.

# PROOF OF SERVICE

I, Jennifer L. Lathrop, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On April 10, 2008, I served the document(s) described as **DEFENDANT CCT TOOLS, INC.'S ANSWER AND COUNTERCLAIMS** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

[x] BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

[ ] BY FEDERAL EXPRESS   [ ] UPS NEXT DAY AIR   [ ] OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by [ ] FEDERAL EXPRESS   [ ] UPS   [ ] Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   [ ] FEDERAL EXPRESS   [ ] UPS   [ ] OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

[ ] BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

[x] BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

[ ] [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2008, at Los Angeles, California.

_____
JENNIFER L. LATHROP

1170005.1

*Jens Erik Sorensen, et al. v. CTT Tools, Inc.*
Case No.: 08 CV 0231 LAB

## SERVICE LIST

| | |
|---|---|
| Melody A. Kramer<br>KRAMER LAW OFFICE, INC.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, California 92121 | Attorneys for Plaintiff<br><br>Telephone: (858) 362-3150<br>E-Mail: mak@kramerlawip.com |
| J. Michael Kaler<br>KALER LAW OFFICES<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California 92121 | Attorneys for Plaintiff<br><br>Telephone: (858) 362-3151<br>E-Mail: Michael@kalerlaw.com |

1170005.1