KURT OSENBAUGH (State Bar No. 106132)
JONATHAN M. GORDON (State Bar No. 082202)
JAMES D. SLOAN (State Bar No. 220176)
**WESTON, BENSHOOF, ROCHEFORT,
   RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email: kosenbaugh@wbcounsel.com
        jgordon@wbcounsel.com
        jsloan@wbcounsel.com

ELIOT TEITELBAUM (State Bar No. 164858)
**KOORENNY & TEITELBAUM, LLP**
11911 San Vicente Boulevard, Suite 265
Los Angeles, California  90049
Telephone:  (310) 440-5276
Facsimile:  (310) 440-5277
Email:  etktlaw@yahoo.com

**Attorneys for Defendant CTT TOOLS, INC.**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CTT TOOLS, INC., a California Corporation; and DOES 1-100,<br><br>Defendants. | Case No.: 08 CV 0231 BTM (CAB)<br><br>Honorable Barry Ted Moskowitz<br><br>**DEFENDANT CTT TOOLS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS**<br><br>Date: May 16, 2008<br>Time: 11:00 a.m.<br>Ctrm: 15<br><br>ORAL ARGUMENT NOT REQUIRED UNLESS REQUESTED BY THE COURT |

1170080.1

## I. INTRODUCTION

Defendant CTT Tools, Inc. ("CTT Tools") respectfully requests an order staying the above-captioned action, pending the determination of two separate reexaminations of the patent-in-suit, U.S. Patent No. 4,935,184 ("the '184 Patent"), by the United States Patent and Trademark Office ("PTO"). As with other related cases[1] recently stayed by this Court pending the reexamination of the '184 Patent, a stay of this case is appropriate for the same reasons of judicial economy that caused the Court to stay those cases. Furthermore, in this case, the litigation is in its earliest stages, Plaintiff Sorensen Research and Development Trust ("Sorensen") will not be unduly prejudiced, and the reexamination will simplify issues for the court and save expenses for the parties. Finally, Sorensen's claim against CTT Tools, involving CTT Tools' purchase of purportedly infringing tape measures manufactured in China is *de minimis*, so the expense of litigation to CTT Tools would greatly exceed the potential amount at issue.

### A. This Case Is In Its Earliest Stages.

On February 5, 2008, Sorensen sued CTT Tools for the alleged infringement of the '184 Patent. Per the parties' stipulation, CTT Tools filed its Answer and Counterclaim on April 10, 2008, and there has been no other activity in this case. Plaintiff has not yet answered CTT Tools' counterclaims, discovery has not commenced, and the Court has not set any deadlines regarding discovery, pretrial motions or trial. A stay would prevent the unnecessary expenditure of significant resources by the Court and the parties until the reexamination of the patent-in-suit is resolved.

---

[1] According to Plaintiff's recently filed Motion to Consolidate, there are 23 related cases before this Court alleging infringement of the ''184 Patent. (Motion to Consolidate at 7.) Five of these cases have already been stayed by this Court; seven additional motions to stay are pending. (*Id.* at 9.)

1

1170080.1

### B. The Patent-in-Suit Is The Subject Of Two Granted Requests For Reexamination By The PTO.

The first request for reexamination, filed by a related-case-defendant[2] Black and Decker Corporation ("Black & Decker"), in July 2007, raises substantial new questions of patentability regarding claims 1, 2, 4, and 6-10 of the '184 Patent, and was granted by the PTO on or around October 11, 2007 (the "First Reexamination Order").[3] (*See* Declaration of James D. Sloan ("Sloan Decl."), Ex. A). In granting the First Reexamination Order, the PTO found 13 substantial new questions of patentability based on eight prior art references. (*Id.*) The second request for reexamination, granted by the PTO on February 20, 2008, raises eight additional substantial new questions of patentability about the same claims of the '184 Patent (the "Second Reexamination Order"). (Sloan Decl., Ex. B). Thus, in total, there are 22 substantial new questions of patentability about the claims of the '184 Patent pending in the two PTO reexamination proceedings.

Given the two pending reexaminations of the '184 Patent, each of which involves different prior art, the likelihood that some or all of the claims of the patent will be cancelled is substantial. Significantly, the '184 Patent expired in February 2008 and cannot be amended during the reexamination period in order to overcome a determination of invalidity by the PTO. A determination of invalidity by the PTO would render this action moot. Thus, a stay would provide the additional benefit of simplifying – if not eliminating – the issues for trial.

### C. This Court Has Stayed Five Related Cases Based On The Pending Reexaminations of the '184 Patent.

Including this case, Sorensen presently has twenty-three related cases pending before this Court alleging infringement of the '184 Patent. To date, the Court

---

[2] *Sorensen v. Black & Decker et al.*, Case No. 06-CV-01572.

[3] The only claims of the '184 Patent that are not being reexamined, Claims 3 and 5, are dependant claims.

2

1170080.1

has stayed five of these cases, beginning with *Sorensen v. Black & Decker, et al.*, Case No. 06-CV-01572, on September 10, 2007. In staying *Black & Decker*, the Court concluded that, even though the lawsuit had been pending for one year, a stay was appropriate "to avoid the risk of unnecessary litigation and to permit the clarification of the issues before this Court." *See Sorensen v. Black & Decker et al.*, 2007 U.S. Dist. LEXIS 66712, *19 (S.D. Cal. Sept. 10, 2007) (Moskowitz, J.) (attached to Sloan Decl. as Ex. C.).

Based on the reasoning set forth in *Black & Decker*, the Court has also stayed *Sorensen v. Giant International,Ltd.*, Case No. 07-CV-2121 BTM (CAB) (Order, Feb. 28, 2008); *Sorensen v. Helen of Troy et al.*, Case No. 07-CV-2278 (Order, Feb. 28, 2008); *Sorensen v. Esseplast NC, Inc.*, Case No. 07-CV-2277 (Order, March 19, 2008); and *Sorensen v. Energizer Holdings, Inc.*, Case No. 07-CV-2321 (Order, March 19, 2008) (*see* Sloan Decl., Exs. D-G.)  In granting those motions to stay, the Court concluded that "a reasonable stay is appropriate . . . because the litigation is in its early stages, Plaintiff has not establish undue prejudice, and the reexamination with simplify issues for the Court and save expenses for the parties." *Giant Int'l*, Order at 1; *Helen of Troy*, Order at 1; *Esseplast*, Order at 1; and *Energizer*, Order at 1.  All of the reasons for staying those cases apply in this case as well.

## II.     LEGAL STANDARD FOR A STAY PENDING TO EXAMINATION

Courts have the inherent power and discretion to stay proceedings pending conclusion of a PTO reexamination. *See Ethicon v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Photoflex Prods., Inc. v. Circa 3 LLC,* 2006 U.S. Dist. Lexis 37743, *2-3 (N.D. Cal. May 24, 2006) (*see* Sloan Decl., Ex. H).  Indeed, there is "a liberal policy in favor of granting motions to stay pending the outcome of PTO reexamination proceedings." *Black & Decker, supra,* at *10; *Photoflex, supra*, at *3. "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were

3

1170080.1

cancelled in the reexamination, would eliminate the need to try the infringement issue." *See In re Cygnus Telecommunications Tech., LLC Patent Litigation,* 385 F. Supp.2d 1022, 1023 (N.D. Cal. 2005). Indeed, with respect to the issue of a patent's validity, the reexamination procedure serves to "eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of the issue by providing a district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983).

When determining whether to stay an action pending reexamination, courts generally consider three factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case. *See Black & Decker supra,* at *10-11; *Photoflex, supra,* at *3. In this case, all three factors favor a stay pending the outcome of the PTO's reexaminations of the '184 Patent.

### III. A STAY OF THIS ACTION LITIGATION PENDING THE PTO'S REEXAMINATIONS OF THE '184 PATENT IS WARRANTED

#### A. The Litigation Is In Its Earliest Stages And Discovery Has Not Commenced

The first factor weighs heavily in favor of a stay because this case is in its earliest stages. Other than the filing of the complaint and answer, nothing has happened: Sorensen has not answered CTT Tools' counterclaims, the parties have not conducted a Rule 26(f) conference, a Rule 16(f) conference has not been scheduled or held, the parties have not served their Rule 26(a)(1) disclosures, no discovery requests have been served, the claim construction process has not commenced and no deadlines have been set with respect to any sort of discovery, pretrial motions, or trial. Notably, this case is at a much earlier stage of litigation than the *Sorensen v. Black & Decker* case, which was stayed by this Court even before the First Reexamination Order was

issued. This case, by contrast, was filed several months after the First Reexamination Order and while the second request for reexamination was pending.

Now that the Second Reexamination Order has issued, a stay is appropriate prevent the expenditure of significant resources litigating over a patent that is likely to have some or all of its claims invalidated, which would completely eliminate the need for a trial in this case. As this Court has recognized, since Sorensen cannot amend the '184 Patent claims, "there is obviously a significant likelihood that the validity of the claims at issue in this action will be affected by the reexamination process." *Black & Decker, supra,* at *17. Allowing the PTO to continue its work while this case is stayed will avoid "the risk of unnecessary litigation" and waste of resources before this Court. *Id.* at *19; *see also Broadcast Innovation, L.L.C. v Charter Communications, Inc.*, 2006 U.S. Dist. Lexis 46623, *23-24 (D. Colo. July 11, 2006) (*see* Sloan Decl., Ex. I).

### B. Plaintiff Will Not Be Unduly Prejudiced By a Stay

#### 1. A stay will benefit both parties.

Staying the action will not unduly prejudice or disadvantage Plaintiff. "[T]he 'prejudice factor' is best summarized by one question: do the Plaintiffs have an adequate remedy at law?" *Black & Decker, supra* at *13-14 (quoting *Broadcast Innovation, supra*, at *32. Just as in *Black & Decker* (and *Broadcast Innovation*) the resounding answer is "yes." *Id.*; *Broadcast Innovation,* at *32. First, the '184 Patent expired in February 2008, can no longer be infringed and, thus, Plaintiff is foreclosed from any injunctive relief.[4] Additionally, Plaintiff has an adequate remedy at law, since if the PTO does not invalidate the asserted claim of the '184 Patent, Sorensen will be able to pursue monetary damages for any infringement alleged to have occurred prior to the patent's expiration. *Id.* at *14; *Broadcast Innovation*, at *33.

Moreover, Sorensen cannot reasonably claim that a stay pending

---

[4] The '184 Patent expired on February 5, 2008. *See* U.S. Patent No. 4,935,184 (continuation of abandoned application Serial No. 07/152.670, which was filed on Feb. 5, 1988) and 35 U.S.C. § 154(a)(2).

5

1170080.1

reexamination proceedings would unduly prejudice him by delaying an award of monetary damages. Courts have consistently held that such a delay does not, in and of itself, constitute undue prejudice. *See e.g., Photoflex, supra,* at *7; *Nanometrics, Inc. v. Nova Measuring Instruments Ltd.*, 2007 U.S. Dist. Lexis 18785, *9 (N.D. Cal.) (*see* Sloan Decl., Ex. J). In any event, an award of prejudgment interest would fully compensate Sorensen for a delay in collecting any damages to which he may be entitled. Indeed, this Court has already determined that the "general prejudice of [Sorensen] having to wait for resolution is not a persuasive reason to deny the motion to stay." *Black & Decker, supra*, at *14. This conclusion is especially apt where, as here, there is only one patent asserted and any delay is offset by the benefit inherent in ascertaining whether there is any need for litigation. *See Nanometrics, supra,* at *10.

Rather than prejudicing any party, the timeliness of this motion has the potential to benefit all parties by preventing the unnecessary expenditure of resources. As the court stated in *Broadcast Innovation*,

> If the PTO does not invalidate or otherwise alter the claims of the [patent], the Plaintiffs' legal remedy remains unaffected . . . Moreover, if the claims are narrowed, *both* sets of parties will have benefited by avoiding the needless waste of resources before this Court, and again, the Plaintiffs will be able to pursue their claim for money damages at trial. Finally, if the claims are strengthened, the Plaintiffs' position will be as well, and their likelihood of monetary damages will increase.

*Broadcast Innovation,* at *32-33.

### 2. Defendant will be unduly prejudiced if a stay is denied.

In contrast, CTT Tools faces substantial prejudice if this Court denies this Motion. As the Federal Circuit has held, the PTO is not bound by the decisions of this Court when conducting its reexamination proceedings. *See, e.g., In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1296-98 (Fed. Cir. 2007). If this case proceeds during the reexamination, there is a risk that CTT Tools may be ordered to pay for damages for infringement of a patent that the PTO later determines to be invalid. Substantial prejudice could therefore result, because CTT Tools may not be able to

1  recover such damages after the PTO concludes the asserted claim is invalid. *Black &*
2  *Decker, supra,* at *14-15; *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp 951,
3  952 (W.D.N.Y. 1996). A stay will ensure that such a highly prejudicial scenario does
4  not occur.

5  Indeed, there is no identifiable prejudice which would impact Sorensen
6  as a result of a stay being entered in this case. The case remains at a decidedly early
7  stage, and the present time is appropriate, if not ideal, for the requested stay.

8  **C.  A Stay Will Simplify the Issues for Trial And Possibly Eliminate the**
9  **Need for Further Litigation**

10  A stay will significantly simplify the issues in question and ensure that
11  any judicial and party resources are spent only if trial is necessary. *See Black &*
12  *Decker, supra,* at *16-17. This is particularly critical in this instance where CTT
13  Tools' sales of the accused product, a measuring tape, are minimal, and the costs of
14  litigation will far exceed any purported damages incurred by Plaintiff. "One purpose
15  of the reexamination procedure is to eliminate trial (when the claim is cancelled) or
16  facilitate trial of that issue [of invalidity] by providing the district court with the expert
17  view of the PTO (when a claim survives the reexamination proceedings)." *Gould,* 705
18  F.2d at 1342. Additional benefits associated with staying litigation pending the PTO's
19  resolution of reexamination proceedings include:

20  1.  Prior art presented to the court will have been first considered by the
21  PTO, with its particular expertise.

22  2.  Many discovery problems relating to prior art can be alleviated by
23  the PTO examination.

24  3.  In those cases resulting in effective invalidity of the patent, the suit
25  will likely be dismissed.

26  4.  The outcome of the reexamination may encourage a settlement
27  without the further use of the court.

28  5.  The record of reexamination would likely be entered at trial,

thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the court. *See Broadcast Innovation, supra,* 2006 U.S. Dist. Lexis 46623, *9-10 (citation omitted).

In granting the First Reexamination Order, the PTO determined that the previously unconsidered prior art gives rise to substantial new questions of patentability. *See* First Reexamination Order, at 4-14. As noted above, in view of that preliminary determination, there is a substantial likelihood that the validity of the asserted claims will be affected by the reexamination process. *Black & Decker, supra*, at *17. Because the '184 Patent expired on February 5, 2008, Sorensen is not permitted to amend any claims to overcome a determination that they are invalid in view of the prior art. *See* 37 C.F.R. §1.530(j) (2007).[5] Any such determination by the PTO will therefore effectively invalidate the asserted claims, thus eliminating the need for any discovery, pretrial proceedings or trial in this case. At the very least, since a substantial number of the prior art references in the reexamination proceedings were not before the PTO during the patent's original prosecution, the Court will benefit from the PTO's analysis should this Court have to determine the validity of the reexamined claims. *Broadcast Innovation, supra,* 2006 U.S. Dist. Lexis 46623, *22-23; *Black & Decker, supra*, at *17.

---

[5] 37 CFR 1.530(j) provides:
> *No enlargement of claim scope.* No amendment may enlarge the scone of the claims of the patent or introduce new matter. No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.

8

1170080.1

## IV. CONCLUSION

For the foregoing reasons, Defendant CTT Tools respectfully requests that the Court stay this case pending completion of the PTO's ongoing reexaminations of the '184 Patent.

DATED: April 15, 2008

KURT OSENBAUGH
JONATHAN M. GORDON
JAMES D. SLOAN
**WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

ELIOT TEITELBAUM
**KOORENNY & TEITELBAUM, LLP**

/JDS/   James D. Sloan
_____
James D. Sloan
Attorneys for Defendant
CTT TOOLS, INC.

# PROOF OF SERVICE

I, Jennifer L. Lathrop, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On April 15, 2008, I served the document(s) described as **DEFENDANT CTT TOOLS, INC.'S MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ BY ELECTRONIC E-FILING TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2008, at Los Angeles, California.

/JLL/ Jennifer L. Lathrop
JENNIFER L. LATHROP

1170080.1

*Jens Erik Sorensen, et al. v. CTT Tools, Inc.*
Case No.:  **08 CV 0231 LAB**

### SERVICE LIST

| | |
|---|---|
| Melody A. Kramer<br>KRAMER LAW OFFICE, INC.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, California  92121 | Attorneys for Plaintiff<br><br>Telephone:  (858) 362-3150<br>E-Mail:  mak@kramerlawip.com |
| J. Michael Kaler<br>KALER LAW OFFICES<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California  92121 | Attorneys for Plaintiff<br><br>Telephone:  (858) 362-3151<br>E-Mail:  Michael@kalerlaw.com |

1170080.1