1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150
   mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
8  San Diego, California 92121
   Telephone (858) 362-3151
9  michael@kalerlaw.com
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15
                   UNITED STATES DISTRICT COURT
16
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　　　Plaintiff<br>　v.<br><br>CTT TOOLS, INC., a California Corporation; and DOES 1 – 100,<br><br>　　　　　　　　Defendants.<br>_____<br>and related counterclaims.<br>_____ | Case No. 08 cv 231 BTM CAB<br><br>**DECLARATION OF MELODY KRAMER IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 8, 2008<br>Time: 11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*Oral Argument Has Been Respectfully Requested by Plaintiff* |

28  //

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in the above-captioned matter.

3. This Declaration is being submitted in conjunction with Plaintiff's Motion for Exception to Stay for Preservation of Evidence.

4. I have requested an exception for stay for preservation of the evidence outlined in the accompanying motion by letters to Defendants' counsel, but Defendants have failed to agree. Exhibit A attached hereto is a true and correct copy of that correspondence.

5. Defendant has already acknowledged that "CTT Tools is not the manufacturer of the accused product(s), and it is our understanding that CTT Tools does not presently possess, or have control over, the documents requested by Sorensen relating to the design and production of the subject tape measures."

6. Plaintiff has no information suggesting that Defendant CTT has conducted any research of the actual manufacturing process used for the Accused Process, either pre-litigation or since litigation commenced.

SWORN TO under penalty of perjury of the laws of the State of California and the United States, this 8th day of July, 2008.

/s/ Melody A. Kramer
Melody A. Kramer, Esq.

TABLE OF EXHIBITS
EXHIBIT A ................................................................................................................. 4

**Kramer Law Office, Inc.**
9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

<u>VIA FAX 310-440-5277
AND FEDERAL EXPRESS</u>

May 6, 2008

Eliot Teitelbaum
Koorenny & Teitelbaum, LLP
11911 San Vicente Blvd., Suite 265
Los Angeles, CA 90049

**CONFIDENTIAL OFFER OF COMPROMISE**
Subject To Federal Rules of Evidence § 408

RE:   <u>Sorensen Research & Development Trust v. CTT Tools, et al</u>
      Case No. 08cv231
      Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence

Dear Mr. Teitelbaum:

In accordance with the Order for stay by Judge Moskowitz, we are hereby requesting the Defendant's agreement to preserve certain items of evidence to ensure that they will not be lost during the time that this case is being stayed. If we are unable to reach an agreement, we will be asking the Court for an order to produce this evidence.

1. All prototype and production molds used in the production of the Accused Products that are currently in the possession or control of either Defendants or non-parties; and
2. All design and technical Documents for the Accused Product that are in the possession or control of either Defendants or non-parties.
3. Initial disclosures pursuant to Rule 26(a)(1), specifically including the identity and location of all manufacturers, suppliers, and importers for the products at issue.

The products at issue at this point include the following identified products, and any other products made with the same molds or similar manufacturing process:

EXHIBIT A - 4

Mr. Teitelbaum
May 6, 2008
Page 2

      Cal-Hawk 25' Tapesynchro Transport
      Cal-Hawk ¾" x 16' Tape Measure
      Cal-Hawk ¾" x 16' Tape Measure
      Cal-Hawk 1" x 25' Tape Measure
      Cal-Hawk 1" x 25' Tape Measure Laser Level
      Cal-Hawk 100' Metal Tape Measure
      Cal-Hawk 5/8" x 10' Tape Measure
      Cal-Hawk ¾" x 16' Tape Measure
      Cal-Hawk ¾ x 16' Tape Measure
      Cal-Hawk 1" x 25' SAE/MM Tape Measure
      Cal-Hawk 1" x 25' Tape Measure SAE

It is our understanding that manufacturing of the Accused Products may have been done in China by unidentified company or companies, not by the Defendants. As such, and because we are also aware of often complicated, sometimes international, chain of company ownership, there is simply no assurance that this necessary technical information will be available to my client once the stay is lifted. Furthermore, as we already pointed out to you, failure to identify manufacturers, suppliers, and importers will make it impossible for us to assure that all evidence is preserved.

Please advise us no later than May 27th if your client is willing to stipulate to this limited discovery during the stay, otherwise we will file a motion with the Court.

Additionally, please advise us by May 27th if Defendants have any categories of evidence that they want to ensure are preserved. Although we are cognizant of our general obligation to preserve evidence, we are willing to work with you to ensure that any particular categories of evidence that you think may be necessary when stay is lifted, are adequately preserved.

Thank you for your attention to this matter.

                                            Sincerely,

                                            Melody A. Kramer

# WESTON BENSHOOF
## ROCHEFORT RUBALCAVA MacCUISH LLP
ATTORNEYS AT LAW

(213) 576-1029
jsloan@wbcounsel.com

May 27, 2008

**VIA FACSIMILE AND U.S. MAIL**

Melody A. Kramer, Esq.
Kramer Law Office, Inc.
9930 Mesa Rim Road, Suite 1600
San Diego, CA 92121

**CONFIDENTIAL OFFER OF COMPROMISE
SUBJECT TO FED. R. EVID. RULE 408**

Re: *Sorensen Research & Development Trust v. CTT Tools, Inc., et al.*

Dear Ms. Kramer:

  I am writing in response to your letter dated May 6, 2008 to Eliot Teitelbaum.

  We have reviewed your demand that CTT Tools stipulate to certain limited discovery during the stay of the above action, but believe that it completely disregards the letter and the spirit of the Court's Order dated April 25, 2008.

  CTT Tools will comply with its obligation to preserve evidence in accordance with the Federal Rules of Civil Procedure and applicable case law, and we assume that your client will similarly abide by its obligation to preserve evidence. However, (as you point out) CTT Tools is not the manufacturer of the accused product(s), and it is our understanding that CTT Tools does not presently possess, or have control over, the documents requested by Sorensen relating to the design and production of the subject tape measures. To the extent that CTT Tools does possess documents or information relevant to this matter, it will preserve them accordingly during the stay.

333 SOUTH HOPE STREET • SIXTEENTH FLOOR • LOS ANGELES, CA 90071 • TEL 213 576 1000 • FAX 213 576 1100

2801 TOWNSGATE ROAD, SUITE 215 • WESTLAKE VILLAGE, CA 91361 • TEL 805 497 9474 • FAX 805 497 8804
1193077.1
www.wbcounsel.com

Melody A. Kramer, Esq.
May 27, 2008
Page 2

       I trust that this letter resolves the issue. If you have any further concerns, feel free to contact me.

                                Very truly yours,

                                James D. Sloan
                          WESTON, BENSHOOF,
          ROCHEFORT, RUBALCAVA & MacCUISH LLP

JDS/jll

cc:    Eliot Teitelbaum, Esq.


WESTON BENSHOOF
ROCHEFORT RUBALCAVA MacCUISH LLP
ATTORNEYS AT LAW

1193077.1

# Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

<u>VIA FAX 310-440-5277 and 213-576-1100</u>

June 4, 2008

James D. Sloan
Weston, Benshoff, Rochefort, et al.
333 South Hope Street, 16th Floor
Los Angeles, CA 90071

Eliot Teitelbaum
Koorenny & Teitelbaum, LLP
11911 San Vicente Blvd., Suite 265
Los Angeles, CA 90049

**CONFIDENTIAL OFFER OF COMPROMISE**
Subject To Federal Rules of Evidence § 408

RE:   <u>Sorensen Research & Development Trust v. CTT Tools, et al</u>
      Case No. 08cv231
      Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence

Dear Messrs. Sloan and Teitelbaum:

Based upon your letter of May 27th and the Order issued by Judge Moskowitz yesterday in the *Black & Decker* case (copy enclosed), I suggest that we enter into a stipulation for limited discovery pending lift of stay on the following terms:

1.   Within 30 days, CTT Tools will provide Sorensen with the name and address of all manufacturers of one or more of the Accused Products during the six years prior to the filing of suit; and

2.   The parties stipulate that Sorensen may attempt to undertake inspections of the non-party manufacturing facilities and any related depositions of non-parties, through appropriate procedural avenues, during the pendency of stay of this case.

Mr. Teitelbaum
June 4, 2008
Page 2


      If your client is amenable to a stipulation in this regard to avoid the necessity of motion practice, please advise me no later than June 11th and I will prepare the stipulation for our respective signatures.

                                        Sincerely,

                                        Melody A. Kramer

enclosure