KURT OSENBAUGH (State Bar No. 106132)
JONATHAN M. GORDON (State Bar No. 082202)
JAMES D. SLOAN (State Bar No. 220176)
**WESTON, BENSHOOF, ROCHEFORT,
   RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email:  kosenbaugh@wbcounsel.com
            jgordon@wbcounsel.com
            jsloan@wbcounsel.com

ELIOT TEITELBAUM (State Bar No. 164858)
**KOORENNY & TEITELBAUM, LLP**
11911 San Vicente Boulevard, Suite 265
Los Angeles, California  90049
Telephone:  (310) 440-5276
Facsimile:  (310) 440-5277
Email:  etktlaw@yahoo.com

Attorneys for Defendant CTT TOOLS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CTT TOOLS, INC., a California Corporation; and DOES 1-100,<br><br>Defendants. | Case No.: 08 CV 0231 LAB (LSP)<br><br>**DEFENDANT CTT TOOLS, INC.'S OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>[Declaration of Eliot Teitelbaum submitted herewith]<br><br>Date: August 20, 2008<br>Time: 10:30 a.m.<br>Ctrm: 15 – 5th Floor<br><br>Honorable Barry T. Moskowitz |

1234672.3

1       Defendant/Cross-Complainant CTT Tools, Inc. ("CTT") opposes Plaintiff/Cross-Defendant Jens Erik Sorensen, as Trustee of the Sorensen Research and Development Trust's ("Sorensen") Motion for Exception to Stay to Preserve Evidence as being unwarranted and premature. First, Sorensen's motion is over-reaching and brazenly seeks discovery related to numerous products that are not identified in its Complaint nor at issue in this action. Granting Sorensen's discovery requests as to these "unaccused" products would produce a ludicrous result – permitting Sorensen to conduct wide-ranging third-party discovery regarding products not at issue – a blatant strategy to troll for new defendants – before the parties even have a Scheduling Order in place or exchange Rule 26 initial disclosures. Second, Sorensen has utterly failed to meet the standard for an exception set forth in the Court's April 25, 2008 Order, which requires articulation of "specific, valid reasons" supporting Sorensen's contentions that evidence will be lost, destroyed, or otherwise unavailable after the stay in this action is lifted. Finally, Sorensen's motion should be denied because granting its overbroad requests for discovery of as-of-yet-unidentified non-parties would force CTT and the court to expend substantial, valuable resources in direct contravention of the purpose and spirit of the Court's April 25 Order staying this action pending outcome of the reexamination of the '184 patent. Given the *de minimis* damages at issue related to CTT's single accused product (a tape measure), such an outcome would be particularly burdensome and unjust. For these reasons, Sorensen's motion should be denied in its entirety.

I. **SORENSEN'S MOTION IS OVER-REACHING AND SEEKS DISCOVERY RELATED TO PRODUCTS NOT AT ISSUE IN THIS ACTION.**

      Rather than abide by the Court's Order staying this (and other related) action(s) pending reexamination of the '184 patent, Sorensen immediately engaged in a strategy of running up the costs of this litigation by demanding that CTT (and other related-case defendants) preserve certain evidence, including "all prototype and

1234672.3

1

1  production molds used in the production of the Accused Products" and "all design and
2  technical documents for the Accused Products" in CTT's possession, custody and
3  control. Sorensen further demanded that CTT identify the names and locations of all
4  manufacturers, suppliers and importers of the products and agree to discovery of these
5  nonparties. (*See* Declaration of Melody Kramer ("Kramer Decl."), Exhibit A-4
6  (Kramer letter dated May 6, 2008; *see also* Declaration of Eliot Teitelbaum
7  ("Teitelbaum Decl."), ¶ 4.) When CTT objected to this transparent strategy to run up
8  costs, Sorensen filed the present motion.

Sorensen' request for preservation of evidence is over-reaching, however, and well beyond the scope of the allegations in its Complaint. For this reason alone its motion should be denied. Sorensen has only alleged that CTT has infringed the '184 patent by selling a *single* product – the "Cal-Hawk 25'" measuring tape. (*See* Complaint at Par. 10.) In the instant motion, however, Sorensen deceitfully asks the Court for discovery related to the accused product *plus ten additional* measuring tape products sold by CTT without any mention that the ten "unaccused" products are not presently the subject of this action. (*See* Plaintiff's Memorandum of Points and Authorities., p. 4.) Sorensen has never sought leave to amend its Complaint to add these ten additional products to this action, nor has Sorensen offered any justification whatsoever why it should be entitled to preserve evidence or obtain discovery related to these additional products at this time.  (Teitelbaum Decl., ¶ 4.)  Sorensen's thinly-veiled attempt to obtain "back door" discovery related to these "unaccused" products only serves to underscore the cynical nature of its tactics, and present motion, and should be rejected by this Court.

II. **SORENSEN HAS NOT ALLEGED ANY SPECIFIC OR VALID REASON TO ESTABLISH THAT EVIDENCE WILL BE LOST OR DESTROYED IF THE STAY IS LIFTED**

Sorensen's motion is premised on the "shortened procedure" set forth in the Order of this Court in the *Helen of Troy* case. (*See* Pl.'s Mem., p. 2, fn. 1.) As

2

1234672.3

1  discussed below, Sorensen's reliance on the Order in the *Helen of Troy* case is
2  misplaced. In that case, this Court granted a stay and held that a party may apply for
3  an exception to stay only if "it has specific, valid reasons to believe that it needs to
4  obtain discovery in order to preserve evidence that will otherwise be unavailable after
5  the stay."[1]  *Sorensen v. Helen of Troy, et al.* Case No. 07-CV-2278 BTM (CAB), Doc.
6  #26 at 2 (SD CA, Feb. 28, 2008).  Here, Sorensen has failed to establish that an
7  exception to the stay is warranted.

8  Sorensen's first and second discovery requests, asking for confirmation
9  that certain types of evidence purportedly in the possession, custody, and control of
10 CTT are being preserved (*see* Pl.'s Mem., *p.* 2) are redundant because CTT is already
11 bound by law to preserve evidence within its custody or control during the pendency
12 of a lawsuit.  *See In re Napster Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1067
13 (N.D. Cal. 2006).  Further, Sorensen admits that CTT has already confirmed that it
14 "will, of course, preserve relevant evidence within its custody and control." (Pl.'s
15 Mem., p. 3, *citing* Exhibit A-6 (letter dated May 27, 2008 from James Sloan) to the
16 Kramer Decl.; *see also* Teitelbaum Decl., ¶ 5.)  Indeed, although not obligated to do
17 so, CTT has already confirmed to Sorensen that it did not manufacture either the
18 accused product or any of the ten additional products not at issue in the present action,
19 and is not in the possession, custody and control of any prototypes, production molds,
20 or design or technical documents used in the production of these products.
21 (Teitelbaum Decl., ¶ 6; Kramer Decl., Exhibit A-6.)  Accordingly, the first and second
22 requests should be denied.

23 Sorensen's third request is for a sworn identification of the company
24 names and addresses of all non-party manufacturers, suppliers, and importers of
25 accused products. (Pl.'s Mem., p. 2.)  In addition to being patently overbroad, the
26 information sought by this request is the type of information that would ordinarily be

---

28 [1] The same standard is set forth in the Court's April 25, 2008 Order staying this action.

made available in initial disclosures pursuant to Rule 26(a)(1) had the case not been stayed; in fact, Sorensen specifically requested "initial disclosures pursuant to Rule 26(a)(1)" in its May 6th letter to CTT. (*See* Kramer Decl., Exhibit A-4.) Sorensen is essentially asking this Court to order CTT to prematurely comply with its discovery obligations under the Federal Rules – even though the stay was granted <u>before</u> any discovery had taken place and for the express purpose of preventing the expenditure of party and court resources on discovery matters until the patent reexamination is completed. Because Sorensen has not pointed to any specific or valid reason why this information may not be available after the stay is lifted, there is no reason to grant an exception to the stay.

Further, despite the over breadth of this request, CTT offered to furnish the names of the non-party Chinese manufacturers who manufactured the one accused product at issue in this action (as well as the ten additional products specified in Sorensen's motion) as part of an overall proposed settlement. (Teitelbaum Decl., ¶ 8; *see also* Joint Stipulation dated July 28, 2008.)[2] However, Sorensen refused CTT's request to take the present motion off-calendar in order to allow the settlement discussions to proceed, apparently intent instead on achieving leverage over CTT by obtaining free discovery as part of the parties' settlement discussions. (Teitelbaum Decl., ¶ 9.)

Absent an agreement by the parties, there is no justifiable basis to require CTT to make such identifications at this time. Sorensen has not offered any specific or valid reason to substantiate why non-party manufacturers should be identified prior to the commencement of discovery or why the parties should be forced to incur the substantial costs associated with discovery related to foreign manufacturers. Moreover, Sorensen is engaging in pure speculation when it contends that "there is no

---

[2] The parties' Joint Stipulation to dispose of this motion was withdrawn by Sorensen on July 31, 2008 after the parties' efforts to consummate a settlement of this action were unsuccessful. CTT will continue in its efforts to try to resolve this action in the period prior to the hearing of this motion.

4

1234672.3

reason to believe that the prototype and production molds . . . and related design and technical documents are being preserved" by non-parties. (Pl.'s Mem., p 3-4.)  To the contrary, there is no reason to believe that such evidence *has* been destroyed. Indeed, because, the '184 patent expired in February 2008, anyone is now free to use the technology embodied in the patent, and there is no incentive for any manufacturer to destroy production molds or technical drawings.  However, if the Court is inclined to grant this request, identification of non-party manufacturers should be limited to only those who manufactured the single accused product identified in the Complaint (and not the ten products that are not at issue).

Sorensen's fourth request is for Court leave to use appropriate procedural steps to acquire various categories of evidence and/or conduct inspections of various manufacturing plants.  (Pl.'s Mem., p. 2.)  Sorensen's apparent argument is that an exception to the stay should be granted – allowing it to conduct early discovery – because there are *perhaps* one or more "non-parties," in the United States or elsewhere, that may have at some time manufactured, supplied, or imported accused products.  This contention is simply too speculative.  Unlike the *Black & Decker* case (in which this Court granted an exception to the stay to permit limited discovery),[3] where considerable discovery had been conducted and specific non-parties had been identified, no discovery has been taken in this case and Sorensen has not identified a single non-party who may have evidence related to CTT's single accused product.[4]

---

[3] *See Sorensen v. Black & Decker, et al.*, Case No. 06-cv-1572 BTM (CAB), Doc. #278 (SD CA, June 3, 2008) ("*Black & Decker*").

[4] In correspondence to CTT, Sorensen has referenced the Order issued by this Court in *Black & Decker*, granting an exception to the stay to conduct limited discovery, for support as to why an exception should be granted in this case. (*See* Kramer Decl., Exhibit A-8, Kramer letter dated June 4, 2008.)  Though not before the Court in Sorensen's present motion, CTT is prepared to discuss in oral argument why the facts of this case are significantly distinguishable from those facts in *Black & Decker* that justified an exception. In short, unlike this case, which was stayed prior to any scheduling order and prior to any discovery, the *Black & Decker* case was stayed at a much later stage of the litigation, after considerable discovery had already been completed, numerous non-parties had been identified, and motions for summary judgment had been filed.  Further, Sorensen had identified discrete issues unrelated to the patent (e.g., B&D's alleged "corporate shuffle") on which it sought discovery.

5

1 Nor has it articulated any specific or valid reasons why evidence in the possession or control of such non-parties may not be available after the stay is lifted. This is simply another transparent attempt by Sorensen to run up CTT's costs during the stay, while it trolls for more defendants. The Court should reject Sorensen's cynical tactics and its unfounded request for non-party discovery.

## III. CONCLUSION

Because Sorensen's motion is over-reaching and seeks discovery related to products not at issue in this lawsuit, and because Sorensen has failed to articulate any specific, valid reason why any of the four categories of evidence and information identified in its motion will not be available after the stay, Sorensen's motion should be denied in its entirety, together with such other and further relief as the Court deems just and proper.

DATED:  August 6, 2008

ELIOT TEITELBAUM
**KOORENNY & TEITELBAUM, LLP**

KURT OSENBAUGH
JONATHAN M. GORDON
JAMES D. SLOAN
**WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**


  /s/  James D. Sloan                         
James D. Sloan
Attorneys for Defendant/Cross-Complainant
CTT TOOLS, INC.

---

That is not the situation here, where CTT has just entered the litigation and no discovery has been initiated. While the additional discovery granted in *Black & Decker* was a reasonable exception given the state of the case, in this case CTT would be forced to undertake the discovery process essentially as if no stay had been granted. This is a heavy burden on CTT, particularly without a specific or valid reason to believe that any evidence will be lost.

6

1234672.3

## PROOF OF SERVICE

I, Jennifer L. Lathrop, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On August 6, 2008, I served the document(s) described as **DEFENDANT CTT TOOLS, INC.'S OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE LIST ATTACHED

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2008, at Los Angeles, California.

/s/ Jennifer L. Lathrop
JENNIFER L. LATHROP

1234672.3

*Jens Erik Sorensen, et al. v. CTT Tools, Inc.*
Case No.: **08 CV 0231 LAB**

## SERVICE LIST

| | |
|---|---|
| Melody A. Kramer<br>KRAMER LAW OFFICE, INC.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, California 92121 | Attorneys for Plaintiff<br><br>Telephone: (858) 362-3150<br>E-Mail: mak@kramerlawip.com |
| J. Michael Kaler<br>KALER LAW OFFICES<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California 92121 | Attorneys for Plaintiff<br><br>Telephone: (858) 362-3151<br>E-Mail: Michael@kalerlaw.com |

1234672.3