KURT OSENBAUGH (State Bar No. 106132)
JONATHAN M. GORDON (State Bar No. 082202)
JAMES D. SLOAN (State Bar No. 220176)
**WESTON, BENSHOOF, ROCHEFORT,**
   **RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email:  kosenbaugh@wbcounsel.com
            jgordon@wbcounsel.com
            jsloan@wbcounsel.com

ELIOT TEITELBAUM (State Bar No. 164858)
**KOORENNY & TEITELBAUM, LLP**
11911 San Vicente Boulevard, Suite 265
Los Angeles, California  90049
Telephone:  (310) 440-5276
Facsimile:  (310) 440-5277
Email:  etktlaw@yahoo.com

Attorneys for Defendant CTT TOOLS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CTT TOOLS, INC., a California Corporation; and DOES 1-100,<br><br>Defendants. | Case No.: 08 CV 0231 LAB (LSP)<br><br>**DECLARATION OF ELLIOT L. TEITELBAUM IN SUPPORT OF DEFENDANT CTT TOOLS, INC.'S OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 20, 2008<br>Time: 10:30 A.M.<br>Ctrm: 15 – 5th Floor<br><br>Honorable Barry T. Moskowitz |

1237696.1

1

<u>DECLARATION OF ELIOT L. TEITELBAUM</u>

I, Eliot L. Teitelbaum, declare as follows:

1. I am an attorney admitted to practice in the State of California and before this Court. I am a member of the law firm of Koorenny & Teitelbaum, LLP, co-counsel for Defendant/Cross-Complainant CTT Tools, Inc. ("CTT") in this matter. I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify truthfully and competently under oath to those matters.

2. This Declaration is submitted in support of CTT's opposition to the motion of Plaintiff/Cross-Defendant Jens Erik Sorensen as Trustee of the Sorensen Research and Development Trust ("Sorensen") for an exception to the stay in this action. As set forth below and in CTT's attached Memorandum of Points and Authorities, Sorensen's motion should be denied because it is unwarranted and premature.

3. On or about April 25, 2008, this Court issued an Order granting the motions of CTT and certain other defendants in related actions for a stay pending the United States Patent's Office reexamination of Sorensen's alleged patent that is the subject of this action. *See* Order dated April 25, 2008.

4. Rather than abide by the Court's stay order, Sorensen's counsel immediately attempted to create new work for CTT in this action by demanding that CTT preserve certain evidence "in the possession or control of either [CTT] or non-parties," including "all prototypes and production molds used in the production of the accused products" and "all design and technical documents for the accused products." *See* letter dated May 6, 2008 from Melody Kramer, attached to the Declaration of Melody Kramer ("Kramer Decl.") in support of Sorensen's Motion for Exception to Stay as Exhibit A-4.  Sorensen threatened to seek an order that the requested evidence be "produced" if CTT did not stipulate to its demand for this early discovery. *See id.*

5. Most of the products for which Sorensen is seeking discovery are not a subject of its lawsuit against CTT.  In its Complaint, Sorensen accuses CTT of having

2

1237696.1

1 infringed the '184 patent by selling a single "Cal-Hawk 25'" measuring tape. (*See*
2 Complaint at Par. 10.) However, in its initial demand, and in its present Motion,
3 Sorensen asks for discovery as to this product and ten other measuring tapes sold by
4 CTT, which are not the subject of this action. Sorensen has never sought leave to
5 amend its Complaint to add these ten additional products to this action.

6       6.      In response to Sorensen's demand, my co-counsel, James Sloan advised
7 Sorensen by letter dated May 27, 2008 that CTT will, among other things, preserve
8 evidence in accordance with applicable law. In addition, Mr. Sloan confirmed that
9 CTT is not the manufacturer of the products at issue (including the ten additional
10 products that are not at issue in this lawsuit) and is not in possession, custody and
11 control of the documents requested by Sorensen. *See* Mr. Sloan's letter dated May 27,
12 2008, attached to Kramer Decl. as Exhibit A-6.

13       7.      By letter dated June 4, 2008, Ms. Kramer requested that CTT stipulate to
14 identify the name and address of the manufacturers of the accused products and allow
15 Sorensen to undertake inspections of the third party manufacturers' plants and
16 depositions of non-parties. *See* Kramer letter dated June 4, 2008, attached to Kramer
17 Decl. as Exhibit A-8.

18       8.      In the period after June 4, 2008 through the date of this declaration, Mr.
19 Sloan and I have attempted to reach a settlement of this action with Sorensen that
20 would dispose of this motion and the action. At all times, CTT has remained ready,
21 willing and able to resolve this action because it does not make economic sense. As
22 part of its efforts to resolve this action, CTT has furnished Sorensen with detailed
23 information confirming the relatively small amount of sales of the accused products at
24 issue. CTT has also expressed a willingness to identify the names of certain Chinese
25 third parties who manufactured the products at issue, but only as part of an overall
26 settlement.[1]

---

[1] *See* Joint Stipulation dated July 28, 2008 that would have disposed of Sorensen's motion by, among other things, CTT confirming the names and addresses of the Chinese manufacturers of the products at issue. Thereafter, on July 31, 2008, Sorensen

1237696.1

3

1  9. To put additional pressure on CTT, Sorensen filed its present motion on or about July 8, 2008, even though CTT had already expressed its interest and intent to resolve the action. Thereafter, Sorensen refused to take the motion off-calendar after the motion was filed as requested by CTT, even though the parties had exchanged settlement drafts. In addition, after agreeing to dispose of the motion through a joint stipulation as part of the settlement discussions, Sorensen unilaterally withdrew the stipulation. Sorensen has repeatedly back-tracked from its counsel's stated eagerness to settle this action and has instead insisted on proceeding with its motion to further waste the Court and CTT's time and resources.[2]

10. Because Sorensen has failed to articulate any specific or valid reasons why the four categories of evidence and information requested in its motion will not be available once the stay is lifted, its request for an exception to the stay in this case should be denied, other than an identification of the names of the third party Chinese manufacturers of the products at issue.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 6 day of August, 2008, at Los Angeles, California.


　　　　　　　　　　　　　　　　　__/s/ _Eliot L. Teitelbaum_____

---

unilaterally withdrew the Joint Stipulation.
[2] Sorensen's actions appear calculated to obtain leverage from CTT by obtaining free discovery as part of the parties' settlement discussions.

4

# PROOF OF SERVICE

I, Jennifer L. Lathrop, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On August 6, 2008, I served the document(s) described as DECLARATION OF ELLIOT L. TEITELBAUM IN SUPPORT OF DEFENDANT CTT TOOLS, INC.'S OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED LIST

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of    ☐ FEDERAL EXPRESS    ☐ UPS    ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2008, at Los Angeles, California.

/s/ Jennifer Lathrop
_____
JENNIFER L. LATHROP

1237696.1

*Jens Erik Sorensen, et al. v. CTT Tools, Inc.*
Case No.:  08 CV 0231 LAB

## SERVICE LIST

| | |
|---|---|
| Melody A. Kramer<br>KRAMER LAW OFFICE, INC.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, California  92121 | Attorneys for Plaintiff<br><br>Telephone:  (858) 362-3150<br>E-Mail:  mak@kramerlawip.com |
| J. Michael Kaler<br>KALER LAW OFFICES<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California  92121 | Attorneys for Plaintiff<br><br>Telephone:  (858) 362-3151<br>E-Mail:  Michael@kalerlaw.com |

1237696.1