MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com


Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST


UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br>                      Plaintiff <br><br>   v. <br><br> CTT TOOLS, INC., a California Corporation; and DOES 1 – 100, <br><br>                     Defendants. <br>_____ <br> and related counterclaims. <br>_____ | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | Case No. 08 cv 231 BTM CAB <br><br> **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE** <br><br> Date:  August 20, 2008 <br> Time:  11:30 a.m. <br> Courtroom 15 – 5th Floor <br> The Hon. Barry T. Moskowitz <br><br> ***Oral Argument Has Been Respectfully Requested by Plaintiff*** |

**SUMMARY OF REPLY**

Defendant has failed to demonstrate any sound reason why the Court should not allow Plaintiff to take steps to ensure preservation of physical evidence of the accused manufacturing process, evidence is currently held by unidentified third parties.  Those third parties have no incentive to preserve evidence, nor does the Defendant.

CTT has confirmed to the Court its inability to ensure preservation of any manufacturing process information that will be necessary in this case.  "[CTT] did not manufacture either the accused product or any of the ten additional products . . . and is not in the possession, custody and control of any prototypes, production molds, or design or technical documents used in the production of these products." (*Opposition* (Docket #27), page 3:17-20).

Preservation of this necessary evidence can only be assured through allowing the requested, narrow exception to stay, or conducting a 35 U.S.C. § 295 hearing to switch the burden of proof to the party having superior access to the evidence - Defendant.

**SUPPLEMENTAL FACTS**

Plaintiff respects *Federal Rules of Evidence*, Rule 408, regarding settlement discussions and thus considers it inappropriate to engage in a discussion of the details of settlement talks between the parties.  Defendant's inaccurate discussion of those settlement talks in its Opposition, however, warrants a narrow response to the issues that are directly relevant to this motion.

The parties did enter into a stipulation for resolution of this motion separate and apart from those settlement discussions, the terms of which called for Defendant to provide a sworn identification of manufacturers to Plaintiff and not object to the Court allowing Plaintiff to proceed with third-party discovery.  However, after filing

of the stipulation with the Court, Defendant advised that it would not be providing the agreed sworn identification absent complete settlement of the case (which would make the need for identification moot).    At that point, Plaintiff withdrew the stipulation for non-compliance and an unrelated procedural issue.  *Kramer Decl. #2 - ¶ 4.*

Furthermore, based upon the entire history of settlement talks between the parties in this case, there is little indication that Defendant actually intends to resolve this matter at this time.  *Kramer Decl. #2 - ¶ 5.*

Subsequent to filing of this case, Plaintiff identified additional products that are also substantially likely to infringe on the '184 patent.  These products have been identified to CTT via correspondence, however, due to the stay, no formal filing with the Court regarding these products has been made.  This motion for preservation of evidence obviously encompasses all of these products.  *Kramer Decl. #2 - ¶ 6.*

## ARGUMENT

**I.    A REQUEST FOR EXCEPTION TO STAY UNDER THE COURT'S STAY ORDER CANNOT REQUIRE SPECIFITY IMPOSSIBLE WITHOUT FORMAL DISCOVERY.**

This Court's order of stay stated that "Any party may apply to the court for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay."  *Order Granting Defendants' Motion for Stay Pend. Reexam*, Docket 20, 2:5-7.

Because the stay order issued prior to any discovery being permitted in the case, Plaintiff reasonably construed the above language to take into account the inability of Plaintiff to provide more specificity to requests for exceptions to stay than would be available with the benefit of formal discovery.    Any greater requirement for specificity would render this portion of the Court's order without

Case No. 08cv231

1    effect.

2        It is ludicrous to conclude that Plaintiff cannot obtain an exception of stay to

3    ensure preservation of actual manufacturing process information unless it provides

4    explicitly detail (identify of the manufacturer) that CTT refuses to provide unless a

5    settlement agreement is reached.  Plaintiff will not need this evidence if a settlement

6    is reached.

7

8    **II.    ABSENT IDENTIFICATION OF THIRD PARTIES WHO POSSESS**
     **MANUFACTURING PROCESS INFORMATION, PLAINTIFF HAS**
9    **NO ASSURANCE OF PRESERVATION OF NECESSARY EVIDENCE.**

10       In *Sorensen v. Black & Decker*, Case No. 06CV1572, this Court allowed

11   limited discovery to permit plant inspections of a third-party Missouri manufacturer

12   because

13       [The Court]: . . . [The manufacturers] are not a party. They are really
14       under no obligation to keep the molds and store the molds at their
         expense, and I think the examination of the molds is appropriate . . ., the
15       only way to do it is to allow you to apply for a Rule 45 and Rule 34
16       subpoena.

17   June 3, 2008 hearing in *Sorensen v. Black & Decker*, Case No. 06CV1572 (page 23
18   attached).

19       It is unknown whether these unidentified non-parties are still manufacturing
20   the Accused Products, or when such manufacture will cease. The Products may go

21   out of production before the stay is lifted, which would be detrimental to Plaintiff

22   because the molds could no longer exist.

23       The inherent problem in not granting the relief requested is that during the

24   pendency of a stay of undetermined duration, the parties with actual access to

25   manufacturing process information are both outside of the jurisdiction of this Court

26   and have no incentive to preserve evidence.  The party with superior access via its

27   supplier relationships – Emerson – also has no incentive to preserve evidence.

28

### III.    THE 35 U.S.C. § 295 PRESUMPTION WOULD PROVIDE PARTIES WITH EVIDENCE THE INCENTIVE TO PRESERVE IT.

The 35 U.S.C. § 295 presumption of infringement is intended to address the difficulty of proof that the patented process was used when the party with the best control of the evidence has no incentive to provide it to the other party.  35 U.S.C. § 295 was passed to help U.S. patent holders deal with the increasing number of foreign manufacturers importing infringing products into the United States, and the difficulty in obtaining discovery of manufacturing processes from such foreign manufacturers:

> This presumption addresses a great difficulty a patentee may have in proving that the patented process was actually used in the manufacture of the product in question in those cases, where the manufacturer is not subject to discovery under the Federal Rules of Civil Procedure.  For example, patent owners will frequently be unable to obtain information concerning the nature of processes being practiced by foreign manufacturers.  Shifting the presumption should create no substantial burden, as an accused infringer should be in a much better position to establish that the product was made by another method.

*House Committee on the Judiciary, Process Patents Amendments Act of 1987,* H.R. REP. NO. 100-60, at 16 (1987).

The intent of Section 295 is to place the burden of proving/disproving infringement <u>on the party in the best position to offer the proof</u>.  In most cases, the importer who, by reason of their relationship with the manufacturer, is in the best position to get process information:

> Importers, for example, because of their relationships with foreign manufacturers, may be able to exert pressure on such manufacturers to produce the necessary information.  Users and sellers who purchase possibly infringing articles from importers may be able to exert similar pressure on those importers, who would in turn influence foreign manufacturers.

Case No. 08cv231

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Senate Committee on the Judiciary, Process Patents Amendment Act of 1987*, S. REP. NO. 100-83, at 57 (1987).

With this in mind, the legislature intended the threshold for the burden shifting to be far less than that of requiring the patent holder to submit letters rogatory:

> A reasonable effort requirement could easily be satisfied in the United States through our discovery procedures. For a foreign manufacturer the patentee would have to take some reasonable step, <u>such as writing to the manufacturer</u>, to determine how the product was made and to have been unsuccessful in this regard. The reasonableness of the effort would depend on the facts of the case but should generally avoid the need for such measures as letters rogatory or suits in a foreign country.

*Senate Committee on the Judiciary, Process Patents Amendment Act of 1987*, S. REP. NO. 100-83, at 45 (1987) emphasis added.

The legislative history is abundant that the purpose of section 295 is to lift from the shoulders of patent holders the undue burden of pursuing discovery options outside the Federal Rules against manufactures in foreign countries.

In this case, Defendant is relying upon a stay to further complicate Plaintiff's ability to collect and preserve evidence of the accused process. Without identification of the manufacturers of the accused products, Plaintiff cannot even write a letter to the manufacturer and seek cooperation.

Because of the stay, no request for invoking the 35 U.S.C. § 295 presumption of infringement has yet been filed. However, the purpose of section 295 is directly relevant to this preservation of evidence motion.

To avoid undue prejudice to the Plaintiff, this Court should either allow the narrow, limited discovery that is being sought, or entertain a 35 U.S.C. § 295 motion that would assign the burden of proof of infringement to the parties that are in the best position to obtain and preserve manufacturing process information.

//

Case No. 08cv231

1

**CONCLUSION**

2      Defendant has presented no credible excuse or reason why Plaintiff should not

3 be given a sworn list of the third parties that have possession of evidence essential to

4 this case, evidence that CTT assures the Court it does not have.

5      Plaintiff has requested a narrow category of identification(s) and leave of the

6 Court to pursue any available procedural remedies to ensure preservation of evidence

7 that is outside of the control of the parties to this case and outside of the jurisdiction

8 of this Court.

9      If the Court is unwilling to grant this narrow discovery, leaving essential

10 evidence hiding behind the skirts of the Defendant during the pendency of stay, then

11 the Court should ensure a level playing field by allowing Plaintiff to file a motion for

12 invocation of the 35 U.S.C. § 295 presumption of infringement to switch the burden

13 of proof of the manufacturing process to the Defendants.  This would allow the Court

14 to align the obligation and incentive to ensure manufacturing process information

15 with the party that has superior (and only) access to it.

16

17 DATED this Wednesday, August 13, 2008.

18                      JENS ERIK SORENSEN, as Trustee of
                        SORENSEN RESEARCH AND DEVELOPMENT
19                      TRUST, Plaintiff

20

21                      /s/ Melody A. Kramer
                        _____
22                      Melody A. Kramer, Esq.
                        J. Michael Kaler
23                      Attorney for Plaintiff

24

25

26

27

28

7.

1

## PROOF OF SERVICE

2      I, Melody A. Kramer, declare:  I am and was at the time of this service working within in

3   the County of San Diego, California.  I am over the age of 18 year and not a party to the within

4   action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600,

5   San Diego, California, 92121.

6      On Wednesday, August 13, 2008, I served the following documents:

7

8   **PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR EXCEPTION
    TO STAY TO PRESERVE EVIDENCE**

9

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Kurt Osenbaugh<br>James D. Sloan<br>Weston, Benshoff, Rochefort, et al.<br>333 South Hope Street, 16th Floor<br>Los Angeles, CA 90071<br>kosenbaugh@wbcounsel.com<br>jsloan@wbcounsel.com | CTT Tools, Inc. | Email--Pleadings Filed with the Court |
| Eliot L. Teitelbaum<br>Koorenny & Teitelbaum, LLP<br>11911 San Vicente Boulevard,<br>Suite 265,<br>Los Angeles, CA 90049<br>etktlaw@yahoo.com | CTT Tools, Inc | Email--Pleadings Filed with the Court |

20

21   [X]   (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed
          this document via the CM/ECF system for the United States District Court for the
          Southern District of California.

22

23   [ ]   (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address
          represented to be the correct mail address for the above noted addressee.

24

25      I declare that the foregoing is true and correct, and that this declaration was executed on

    Wednesday, August 13, 2008, in San Diego, California.

26

27                                                    /s/ Melody A. Kramer

28                                                    Melody A. Kramer

                                                      Case No. 08cv231

                                        8.

<pre>
 1                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2


 3                                    )
       JENS ERIK SORENSEN, et al.,    )
 4                                    )
                     Plaintiff,       ) Case No. 06CV01572BTM
 5                                    )
                                      )
 6                     vs.            )
                                      )
 7     THE BLACK & DECKER             )
       CORPORATION, a Maryland        )
 8     corporation,

 9                   Defendants.
                                      ) San Diego, California
10                                    )
                                      ) June 3, 2008
11                                    )
                                      ) 9:309 a.m.
12                                    )

13
                            Motion Hearing
14
             BEFORE THE HONORABLE BARRY TED MOSKOWITZ
15                  UNITED STATES DISTRICT JUDGE

16
       APPEARANCES:
17
       For the Plaintiff:            Kaler Law Offices
18                                   J. Michael Kaler
                                     9930 Mesa Rim Road St. 200
19                                   San Diego, CA 92121

20                                   Kramer Law Office
                                     Melody A. Kramer
21                                   9930 Mesa Rim Road, St.1600
                                     San Diego, CA 92121
22
       For the Defendants:           Niro, Scavone, Haller & Niro
23                                   Raymond P. Niro, Jr.
                                     181 West Madison Street,
24                                   Suite 4600
                                     Chicago, IL 60602
25
</pre>

1          THE COURT:  Unless, if you represent them, there is

2   a consent, you know, a consent to jurisdiction of this court

3   to enter the order allowing for it.

4          MR. NIRO:  I don't think they have consented to

5   jurisdiction here.  Just in response to the letter from                    10:10:15

6   plaintiff to Revere Plastics, they retained our services.  I

7   know Ms. Goddard --

8          THE COURT:  Normally when you want to get discovery

9   from a nonparty that is out of district you have to go to the

10  court in that district.                                                     10:10:30

11         MR. NIRO:  I think that would still apply here.

12         THE COURT:  Except if they consent to jurisdiction

13  in the court where the underlying case is pending.

14         MR. NIRO:  I haven't talked to Revere Plastics

15  about that, but I would be surprised if they consented to                   10:10:46

16  that.  But, again, if an issue comes up, where if they are

17  scheduling to destroy this plant or destroy some molds, we

18  will certainly notify the court and notify plaintiff and at

19  that time they can inspect.

20         THE COURT:  What obligation -- if I have no                          10:10:59

21  jurisdiction over them, what can I do to them?

22         MR. NIRO:  I don't think anything, Judge.

23         THE COURT:  Right.  So that's kind of a hollow

24  offer.

25         MR. NIRO:  If there is no jurisdiction then there                    10:11:16

```
 1   is no -- then there is nothing that we are talking about

 2   today.

 3          THE COURT:  If they go to Missouri and they get an

 4   order there, then there would be jurisdiction in Missouri, so

 5   if they violated that order they would be held in contempt.       10:11:25

 6          MR. NIRO:  Right.  If that's what your Honor is

 7   suggesting, that they issue a subpoena from the Missouri

 8   court, we can address it there.

 9          THE COURT:  They have to unless Revere consents to

10   jurisdiction in this court.                                       10:11:37

11          MR. NIRO:  Right.

12          THE COURT:  I'm going to grant that.  The reason I

13   am going to grant it is they are not a party.  They are

14   really under no obligation to keep the molds and store the

15   molds at their expense, and I think examination of the molds     10:11:48

16   is appropriate.

17          If they were a party then I would feel differently

18   at this point.  But since they're not, you really need to

19   preserve evidence.  And since I don't have jurisdiction over

20   them, the only way to do it is to allow you to apply for a        10:12:03

21   Rule 45 and Rule 34 subpoena.

22          MR. NIRO:  Your Honor, just to clarify, what the

23   court is granting is that plaintiff can issue a Rule 45

24   subpoena; is that correct?

25          THE COURT:  Right.                                         10:12:21
```